# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DORRET FRANCIS; ANTHONY )
KENNEDY; and CHRISTINE PIERCE, )
on behalf of themselves and all others )
similarly situated, )
)
      Plaintiffs, )
)
v. )      Case No.  5:18-cv-00583-SLP
)
WALTER SCHUMACHER et al. )
)
      Defendants. )

## DEFENDANT WALTER SCHUMACHER'S RESPONSE TO PLAINTIFFS' CROSS-MOTION FOR PROTECTIVE ORDER

Defendant Walter Schumacher ("Mr. Schumacher") hereby responds and objects to Plaintiffs' Cross-Motion for Protective Order ("Motion") [Dkt 60] and respectfully requests that it be denied.  The substance of Plaintiffs' Motion is contained in Plaintiffs' Response to Defendants' Motion to Compel [Dkt 63].  Plaintiffs' Motion requests that Mr. Schumacher be prohibited from "inquiring into (1) the current or former immigration status of the Named Plaintiffs or putative Class Members, except when employed by Defendants, and (2) the names and locations of the Named Plaintiffs' or putative Class Members post-Defendant employers." Motion [Dkt. 60] at 1.  Plaintiffs' Motion should be denied because (1) it fails to show "good cause" warranting a protective order, and (2) the Protective Order [Dkt 51] already in place adequately protects any confidential information from illicit use. In support, Mr. Schumacher states as follows:

A.   **The Named Class Plaintiffs Have Not Shown "Good Cause" for a Protective Order by Articulating Particular and Specific Facts.**

Federal Rule of Civil Procedure 26(c) provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Fed. R. Civ. P. 26(c).  "Rule 26(c) requires that 'good cause' be shown for a protective order to be issued.  The burden is therefore upon the movant to show the necessity of its issuance." *Am. Ben. Life Ins., Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978).  "'Good cause' within the meaning of Rule 26(c) contemplates a **particular and specific demonstration of fact**, as distinguished from stereotyped and conclusory statements." *Id*. (emphasis added; internal quotations omitted).

Here, the Named Class Plaintiffs have not articulated any "particular and specific demonstration of fact" as to how they will personally be harmed by the production of subsequent employment information.  Their Response alludes to "significant and real risk of serious harm," **speculative** harassment, **speculative** threats and intimidation, and **speculative** threats to family members and coworkers.  Response [Dkt. 63] at 15. However, unlike the plaintiffs in *Centeno-Bernuy*, the Named Class Plaintiffs cannot provide a single fact alleging any of the Schumacher Defendants have engaged, or would engage, in "nefarious" behavior if provided with the information at issue.  Lacking specifics, Named Class Plaintiffs' claims of an in terrorem effect are akin to the "stereotyped and conclusory statements" that Rule 26(c) prohibits from being the basis for a protective order.

Moreover, the Named Class Plaintiffs have provided no "particular and specific demonstration of fact" explaining how Mr. Schumacher inquiring into Named Class Plaintiffs' subsequent employment history at their depositions is "overbr[oad]" or "harassing."  The Named Class Plaintiffs have cited *Snowcap Creamery*, wherein the court denied the defendant's request for plaintiff's "immigration attorney's file."  *Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d. 1233, 1235 (D. Colo. 2012).  There, the court noted that the "breadth" of the request did not correlate to the information the defendant wished to obtain.  *Id*. at 1236.  Here, Mr. Schumacher's Interrogatory No. 2, and any related deposition questioning that will follow, is anything but broad.   Unlike requesting "immigration information" or an "immigration attorney's file," Mr. Schumacher simply made a narrowly tailored request seeking specific, basic employment information for a specified period of time that directly coincides with the Named Class Plaintiffs' proposed class periods.  The same types of information would be asked about at the Named Class Plaintiffs' depositions if allowed by the Court.

Far from masquerading as a "fishing expedition," Mr. Schumacher seeks general employment information that would elucidate the veracity and credibility of the Named Class Plaintiffs' claims.   Basic subsequent employment information (résumés, applications, terms and conditions, T and U visa applications, disciplinary history, reasons for ending the employment, etc.) would allow the Schumacher Defendants to determine whether the Named Class Plaintiffs favorably described their employment experiences with the Schumacher Defendants to subsequent employers, which would at a minimum question the veracity of the Named Class Plaintiffs' claims against the Schumacher

Defendants.  The information obtained and the documentation to which it would likely lead would include firsthand accounts of previous employment with the Schumacher Defendants, and the reasons why Named Class Plaintiffs ended that employment.

As opposed to some pretext for a "harassing motive," Mr. Schumacher's request is narrowly tailored to seek relevant employment information that would bear directly on the typicality of Named Class Plaintiffs' claims to one another and to the other unnamed plaintiffs.  Mr. Schumacher believes any assertion of an in terrorem effect is merely a guise to avoid production of information and documents the Named Class Plaintiffs know will undercut their claims.

### B.   Any Fear of an In Terrorem Effect Is Dispelled by the Court's Issuance of the Protective Order.

Courts have routinely held that discovery that could shed light on a plaintiff's immigration status is permitted when a protective order can protect the responding party's privacy.  *See Camayo v. John Peroulis & Sons Sheep, Inc.*, No. 10-cv-00772-MSK-MJW, 2012 WL 5931716, at *2 (D. Colo. Nov. 27, 2012) (finding that "any *in terrorem* effect of disclosure of such information . . . can be addressed by this court with an Order restricting the use of such information"); *Catalan v. Vermillion Ranch Ltd. P'ship*, 2007 WL 951781, at *2 (D. Colo. Mar. 28, 2007) (finding "the privacy interests that Plaintiffs have in the requested discovery can be protected and limited in use through a protective order.").  Here, this Court has already entered a Protective Order that severely limits the use and dissemination of confidential information. [Dkt 51].  To date, the Named Class Plaintiffs have not alleged that Mr. Schumacher (or any Schumacher Defendant, for that matter) has

misused confidential information in any way whatsoever, nor have they offered any evidence that such information would be misused in the future.

Further, the information at issue only pertains to the Named Class Plaintiffs; not to any unnamed plaintiffs. Any fear the Named Class Plaintiffs have of the requested information being nefariously used to alert their current employer of their immigration status is substantially mitigated by the fact they are **Named** Class Plaintiffs. As these matters are public record and have been reported by news agencies, they are readily accessible by anyone with a PACER account. There is nothing preventing the Named Class Plaintiffs' current employers from accessing this readily available information and realizing that one of their current employees is currently involved in litigation that only tangentially involves his or her current immigration status. If the Named Class Plaintiffs were concerned that their former, current, or future employers would see they had filed a lawsuit, they should not have filed one in the first place. Almost all lawsuits are matters of public record, and the Named Class Plaintiffs should have been aware (or made aware) of that fact before they filed suit. The existing Protective Order, which all parties negotiated and agreed upon in good faith, should quell any concerns of public dissemination of any information that is truly confidential. The Court should reject the Named Class Plaintiffs' arguments to the contrary.

## CONCLUSION

For the foregoing reasons, Mr. Schumacher respectfully requests that the Motion be denied.

Respectfully submitted,

s/ *C. Eric Shephard*
_____
Kevin R. Donelson, OBA No. 12647
C. Eric Shephard, OBA No. 22299
A. Wayne Billings, OBA No. 31483
FELLERS, SNIDER, BLANKENSHIP,
   BAILEY & TIPPENS, P.C.
100 North Broadway Avenue, Suite 1700
Oklahoma City, Oklahoma 73102
Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659
Email:  kdonelson@fellerssnider.com
           eshephard@fellerssnider.com
           wbillings@fellerssnider.com

***ATTORNEYS FOR SCHUMACHER DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, I filed the attached document with the Clerk of Court.  Based on the records currently on file in this case, the Clerk of Court will transmit Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

s/ *C. Eric Shephard*
_____
C. Eric Shephard

6