**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DORRET FRANCIS; ANTHONY KENNEDY; and CHRISTINE PIERCE, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  5:18-cv-00583-SLP |
| | ) | |
| WALTER SCHUMACHER et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WALTER SCHUMACHER'S REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION TO COMPEL**

Defendant, Walter Schumacher ("Mr. Schumacher"), filed his Motion to Compel ("Motion") [Dkt. 56] seeking a court order compelling Plaintiffs, Dorret Francis, Anthony Kennedy, and Christine Pierce (collectively, the "Named Class Plaintiffs"), to provide all information requested in Mr. Schumacher's Interrogatory No. 2.   Interrogatory No. 2 merely seeks certain basic, employment-related information concerning the Named Class Plaintiffs' employment by any individual or entity during the class period.  The Named Class Plaintiffs filed a response ("Response") [Dkt. 59] to the Motion and, in doing so, have overlooked holdings in the cases they cite, failed to articulate particular and specific facts warranting an additional protective order, and misstated the information sought in Mr. Schumacher's Interrogatory No. 2.   The Motion should be granted.

A.    <u>**The Named Class Plaintiffs Overlook and Mischaracterize the Holdings in Cases They Cite**</u>.

Many of the cases the Named Class Plaintiffs cite in support of withholding their subsequent employment histories actually either (1) do not discuss a movant's **employment history**; or (2) actually **grant** discovery of subsequent employment history while denying discovery of *immigration status*.  Contrary to the Named Class Plaintiffs' Response, courts have routinely held subsequent employment history to be both relevant and discoverable.

"*Koch Foods I*" – which Plaintiffs cited at page 5 of their Response as "granting protective order as to immigration status and reasoning that any marginal relevance was 'clearly outweighed' by the in terrorem effect" – actually **allowed** discovery into the plaintiffs' subsequent employment histories, because that information was relevant to the individual plaintiffs' claims and the employment histories may have led to discoverable evidence.  *Carzola v. Koch Foods of Miss., LLC*, 287 F.R.D. 388, 390-91 (S.D. Miss. 2012).  Similarly, many of the cases the Named Class Plaintiffs cite do not even discuss a request for "subsequent employment history," and instead focus on the broader category of "immigration status."  *See generally Topo v. Dhir*, 210 F.R.D. 76 (S.D.N.Y. 2002); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004); *In re Reyes*, 814 F.2d 168 (5th Cir. 1987); *Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d 1233 (D. Colo. 2012).  Such cases are largely inapposite to the issue presently before the Court, which concerns employment histories of the Named Class Plaintiffs.

2

Also cited on page 5 of the Response is the *David v. Signal Int'l, LLC* case, which was cited for the notion that an in terrorem effect outweighed the discovery of subsequent employment information.  However, that case is directly contradicted by its companion cases, *Joseph v. Signal Int'l, LLC*, and *Samuel v. Signal Int'l, LLC*, which held that information and documents related to T- and U-visa applications were discoverable because the documents "**will likely contain factual statements and assertions about the Plaintiffs' experiences related to their trafficking and their experiences while employed at Signal.**"  *Joseph v. Signal Int'l, LLC*, 2014 WL 12597592, at *5 (E.D. Tex. Oct. 15, 2014) (emphasis added); *Samuel v. Signal Int'l, LLC*, 2014 WL 12597395, at *5 (E.D. Tex. Oct 15, 2014).  As noted in the Motion, the Named Class Plaintiffs' descriptions to subsequent employers of their experiences while employed in the visa program at issue in this case are clearly discoverable and could be uncovered by subpoenas issued to or depositions of the employers identified in a complete response to Mr. Schumacher's Interrogatory No. 2.[1]

The only cases Named Class Plaintiffs cite dealing specifically with the discovery of subsequent employment histories are the *Signal* family of cases (discussed above) and *Centeno-Bernuy v. Becker Farms*.  However, in holding the in terrorem effect on the

---

[1] Notably, Anthony Kennedy – who is a Named Class Plaintiff in Case No. 5:18-cv-00583-SLP – participated in the J-1 visa program vis-à-vis one or more of the Schumacher Defendants at least three times between 2010 and 2012.  His repeat participation was not typical of all of the other Named Class Plaintiffs, and it is not currently known whether he participated in the J-1 visa program (or any other foreign exchange program) with any non-parties.  Thus, the information requested bears directly on the question of class certification, namely the questions of typicality and predominance.

plaintiffs outweighed the relevance of producing subsequent employment history, the court in *Centeno-Bernuy* noted the plaintiffs there made specific allegations of the defendant intimidating and threatening the plaintiffs **after their employment with defendant**. *Centeno-Bernuy v. Becker Farms*, 219 F.R.D. 59, 61-62 (W.D.N.Y. 2003).   Here, the Named Class Plaintiffs have not claimed any threats remotely similar to those described in *Centeno-Bernuy,* nor have any such threats occurred.

In sum, the only cases the Named Class Plaintiffs have cited specifically addressing subsequent employment history are either (1) not analogous to the facts here (*Centeno-Bernuy*) or (2) the holding was not followed in similar cases (*Signal* cases).   The Motion should be granted on this basis.

### B.   The Named Class Plaintiffs Have Not Shown "Good Cause" for a Protective Order by Articulating Particular and Specific Facts.

Federal Rule of Civil Procedure 26(c) provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Fed. R. Civ. P. 26(c).   "Rule 26(c) requires that 'good cause' be shown for a protective order to be issued.  The burden is therefore upon the movant to show the necessity of its issuance." *Am. Ben Life Ins., Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978).  "'Good cause' within the meaning of Rule 26(c) contemplates a **particular and specific demonstration of fact**, as distinguished from stereotyped and conclusory statements." *Id*. (emphasis added; internal quotations omitted).

Here, the Named Class Plaintiffs have not articulated any "particular and specific demonstration of fact" as to how they will personally be harmed by the production of subsequent employment information.  Their Response alludes to "significant and real risk of serious harm," **speculative** harassment, **speculative** threats and intimidation, and **speculative** threats to family members and coworkers.  Response at p. 15.  However, unlike the plaintiffs in *Centeno-Bernuy*, the Named Class Plaintiffs cannot provide a single fact alleging any of the Schumacher Defendants have engaged, or would engage, in "nefarious" behavior if provided with the information at issue.  Lacking specifics, Named Class Plaintiffs' claims of an in terrorem effect are akin to the "stereotyped and conclusory statements" that Rule 26(c) prohibits from being the basis for a protective order.

Moreover, the Named Class Plaintiffs have provided no "particular and specific demonstration of fact" explaining how Interrogatory No. 2 is "overbr[oad]" or "harassing." Response at p. 16.  The Named Class Plaintiffs cite *Snowcap Creamery*, wherein the court denied the defendant's request for plaintiff's "immigration attorney's file."   *Reyes v. Snowcap Creamery, Inc.*, 898 F. Supp. 2d. 1233, 1235 (D. Colo. 2012).  There, the court noted that the "breadth" of the request did not correlate to the information the defendant wished to obtain.  *Id*. at 1236.  Here, Mr. Schumacher's Interrogatory No. 2 is anything but broad.  Unlike requesting "immigration information" or an "immigration attorney's file," Mr. Schumacher simply made a narrowly tailored request seeking specific, basic employment information for a specified period of time that directly coincides with the Named Class Plaintiffs' proposed class periods.

Far from masquerading as a "fishing expedition," Mr. Schumacher's request seeks general employment information that would elucidate the veracity and credibility of the Named Class Plaintiffs' claims.  Basic subsequent employment information (résumés, applications, terms and conditions, T and U visa applications, disciplinary history, reasons for ending the employment, etc.) would allow the Schumacher Defendants to determine whether the Named Class Plaintiffs favorably described their employment experiences with the Schumacher Defendants to subsequent employers, which would at a minimum question the veracity of the Named Class Plaintiffs' claims against the Schumacher Defendants.  The information obtained and the documentation to which it would likely lead would include firsthand accounts of previous employment with the Schumacher Defendants, and the reasons why Named Class Plaintiffs ended that employment.

As opposed to some pretext for a "harassing motive," the Motion is narrowly tailored to seek relevant employment information that would bear directly on the typicality of Named Class Plaintiffs' claims to one another and to the other unnamed plaintiffs.  Mr. Schumacher believes any assertion of an in terrorem effect is merely a guise to avoid production of documents the Named Class Plaintiffs know will undercut their claims.

**C.** **Any Fear of an In Terrorem Effect Is Dispelled by the Court's Issuance of the Protective Order**.

Courts have routinely held that discovery that could shed light on a plaintiff's immigration status is permitted when a protective order can protect the responding party's privacy.  *See Camayo v. John Peroulis & Sons Sheep, Inc.*, No. 10-cv-00772-MSK-MJW, 2012 WL 5931716, at *2 (D. Colo. Nov. 27, 2012) (finding that "any *in terrorem* effect of

6

disclosure of such information . . . can be addressed by this court with an Order restricting the use of such information"); *Catalan v. Vermillion Ranch Ltd. P'ship*, 2007 WL 951781, at \*2 (D. Colo. Mar. 28, 2007) (finding "the privacy interests that Plaintiffs have in the requested discovery can be protected and limited in use through a protective order."). Here, this Court has already entered a Protective Order that severely limits the use and dissemination of confidential information. [Dkt 51]. To date, the Named Class Plaintiffs have not alleged that Mr. Schumacher (or any Schumacher Defendant, for that matter) has misused confidential information in any way whatsoever, nor have they offered any evidence that such information would be misused in the future.

Further, the information requested under Interrogatory No. 2 only pertains to the Named Class Plaintiffs; not to any unnamed plaintiffs. Any fear the Named Class Plaintiffs have of the requested information being nefariously used to alert their current employer of their immigration status is substantially mitigated by the fact they are **Named** Class Plaintiffs. As these matters are public record and have been reported by news agencies, they are readily accessible by anyone with a PACER account. There is nothing preventing the Named Class Plaintiffs' current employers from accessing this readily available information and realizing that one of their current employees is currently involved in litigation that only tangentially involves his or her current immigration status. If the Named Class Plaintiffs were concerned that their former, current, or future employers would see they had filed a lawsuit, they should not have filed one in the first place. Almost all lawsuits are matters of public record, and the Named Class Plaintiffs should have been aware (or made aware) of that fact before they filed suit. The existing Protective Order, which all

parties negotiated and agreed upon in good faith, should quell any concerns of public dissemination of any information that is truly confidential.  The Court should reject the Named Class Plaintiffs' arguments to the contrary.

## **CONCLUSION**

The basic employment information at issue in the Motion is directly relevant to the veracity of the Named Class Plaintiffs' claims.  Discovery of such information is routinely allowed and should be allowed here because, among other things, it can lead to the discovery of admissible factual statements and assertions about the Named Class Plaintiffs' experiences related to their alleged trafficking and their experiences while employed by one or more of the Defendants.  *See Joseph, LLC*, 2014 WL 12597592, at *5.

Moreover, the Named Class Plaintiffs have not provided the particular or specific facts required to warrant **another** protective order, as any fear of an in terrorem effect is mitigated by the Protective Order already in place (which all parties agreed to).  Mr. Schumacher respectfully requests that this court grant the Motion to Compel and require the Named Class Plaintiffs to produce the employment-related information requested in Mr. Schumacher's Interrogatory No. 2.

Respectfully submitted,

s/ *C. Eric Shephard*
Kevin R. Donelson, OBA No. 12647
C. Eric Shephard, OBA No. 22299
A. Wayne Billings, OBA No. 31483
FELLERS, SNIDER, BLANKENSHIP,
  BAILEY & TIPPENS, P.C.
100 North Broadway Avenue, Suite 1700
Oklahoma City, Oklahoma 73102

8

Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659
Email:  kdonelson@fellerssnider.com
        eshephard@fellerssnider.com
        wbillings@fellerssnider.com

***ATTORNEYS FOR SCHUMACHER
DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, I filed the attached document with the Clerk of Court.  Based on the records currently on file in this case, the Clerk of Court will transmit Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

*s/ C. Eric Shephard*
C. Eric Shephard

835443/76981