IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DORRET FRANCIS; )
ANTHONY KENNEDY; and )
CHRISTINE PEARCE, on behalf of )
themselves and all others similarly situated, )
)
    Plaintiffs, )
)
v. ) Case No. CIV-18-583-SLP
)
APEX USA, INC.. et al., )
)
    Defendants. )

**O R D E R**

Before the Court are: (1) Defendant Walter Schumacher's Motion to Compel [Doc. No. 56] and Plaintiffs' Cross-Motion for Protective Order [Doc. Nos. 60, 63].[1] For the reasons that follow, Defendant's Motion is DENIED and Plaintiffs' Motion is GRANTED.

**I.**     **Background**

Plaintiffs and putative class members (collectively, Plaintiffs) are J-1 visa students who worked for one or more of the Defendants in the State of Oklahoma. Defendants are individuals and entities engaged in the hospitality industry and own or operate businesses including two hotels, a restaurant and a water park in Clinton, Oklahoma. Plaintiffs allege, inter alia, that Defendants recruited Plaintiffs through a J-1 sponsor agency. Plaintiffs further allege Defendants subjected them to forced labor during the course of their employ

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

in violation of the Trafficking Victims Protection Act of 2000 (TVPA) as amended by the Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA).

Discovery is underway in the initial, class certification phase of these proceedings. *See* Scheduling Order [Doc. No. 49]. The subject of Defendant Schumacher's Motion is a single discovery request, Defendants' Interrogatory No. 2 which states as follows:

> Explain the terms of Your employment by any individual or entity, in the United States or otherwise, from June 15, 2008 through December 31, 2013. In doing so, please identify with respect to each such employer: (1) the full name of Your employer by specific individual or entity; (b) the address of Your employer's principal place of business; (c) the address of Your actual place of employment, if different from Your employer's principal place of business; (d) the dates of Your employment; (e) the terms of Your employment, including positions held, compensation and other benefits provided; (f) whether the terms of Your employment were memorialized in writing; and (g) the reason(s) why Your employment ended.

*See* Interrogatory No. 2 to Each Named Plaintiff [Doc. Nos. 56-1, 56-2 and 56-3].

Defendant Schmacher argues the Interrogatory seeks information "clearly relevant to the question of whether a class should be certified." Def.'s Mot. at 3. Defendant Schumacher maintains the requested information is relevant as to: (1) Plaintiffs' credibility; and (2) Plaintiffs' breach of contract claim to demonstrate (a) the terms and conditions of subsequent employment and (b) mitigation, if any, of damages.

Plaintiffs' respond that the information about their subsequent employment history is not relevant and further, that it indirectly and impermissibly seeks information about their immigration status. Plaintiffs argue requiring disclosure of this information would have an *in terrorem* effect. Plaintiffs separately move for entry of a protective order to

prohibit discovery of the requested information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Defendant Schumacher argues in reply that the Protective Order [Doc. No. 51] agreed to by the parties is sufficient to quell Plaintiffs' concerns. Defendant Schumacher simultaneously argues that by filing this lawsuit, Plaintiffs' made their immigration status a matter of public record and that if they were "concerned that their former, current or future employers would see they had filed a lawsuit, they should not have filed one in the first place." Def.'s Reply [Doc. No. 67] at 7.[2]

## II.     Discussion

Rule 26(b)(1) sets forth the scope of discovery and provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Court may issue a protective order under Rule 26(c) of the Federal Rules of Civil Procedure upon a showing of good cause by the movant, to protect that party from annoyance, embarrassment, undue oppression or undue burden or expense. Fed. R. Civ. P. 26(c); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665

---

[2] In support of their respective positions, the parties cite case law that is non-binding on this Court and mostly addresses the discoverability of immigration status, not discoverability of employment history like that sought by Defendants here. None of the cases cited by the parties provide any definitive guidance as to the issues pending before the Court.

F.2d 323, 325 (10th Cir. 1981).  Whether to enter a protective order is within the exercise of the court's discretion.  *See, e.g., Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).  "The 'good cause' standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise."  *Id*. (internal quotation marks and citation omitted).

The Court rejects Defendant Schumacher's argument that the employment information requested in Interrogatory No. 2 is discoverable at the class-certification stage of this litigation.  The Court makes no finding, at this time, as to whether the information might be discoverable in later phases of this action.  *See, e.g., Samuel v. Signal Int'l L.L.C.*, No. 1:13-CV-323, 2014 WL 12597395 at *7 (E.D. Tex. Oct. 15, 2014) (unpublished op.) (recognizing that "[t]he procedural posture of a case also impacts the in terrorem analysis"; "as a case progresses and moves towards trial, the pendulum begins to swing in favor of allowing discovery, and depending on the facts of the case, a defendant's need may outweigh any social policies that would otherwise prevent disclosure").

Defendant Schumacher's argument that the information is relevant to test Plaintiffs' credibility is insufficient at this stage and does not overcome the concerns Plaintiffs raise about the prejudicial effects of disclosing, albeit indirectly, their immigration status.  *Cf. U.S. Equal Employment Opportunity Comm'n v. SOL Mexican Grill LLC*, 2019 WL 2896933 at *2 (D. D.C. June 11, 2019) (unpublished op.) (rejecting argument that discovery of immigration status may bear on plaintiffs' "motivation for fabrication in this

lawsuit" and underscoring chilling effect of allowing discovery into such matters) (collecting cases).[3]

Defendant Schumacher's argument that the information is relevant with respect to Plaintiffs' breach of contract claim is also rejected. Defendant Schumacher conclusorily contends that "details" regarding Plaintiffs' employment "particularly employment that involved a return to the United States under the H-2B program" could cast "serious doubt" on Plaintiffs' "class theories." Def.'s Mot. at 3. He poses the question: "why would any of the Named Class Plaintiffs have voluntarily returned to the United States as participants in the H-2B program after being employed by one or more Defendants" if they had previously been subject to forced labor and involuntary servitude. *Id*. But the fact that Plaintiffs may have returned to the United States to seek employment under conditions similar to those they allegedly suffered while in Defendants' employ is attenuated from the issue currently before this Court:

> [E]mployment histories with other employers, who are not party to this suit, are not relevant. Such information is not relevant to whether or not the charging parties and claimant were subjected to unlawful employment practices while working for Defendants. And, even if the charging parties and claimant had suffered similar adverse employment actions at other jobs, such information would not tend to show whether or not unlawful practices caused them to suffer those same adverse employment actions while working for Defendants. . . . Work histories from other jobs are not relevant to the events which occurred while the charging parties and claimant worked for

---

[3] In this regard, some courts have addressed arguments raised by defendants that the credibility issue is pertinent to whether the plaintiffs fabricated charges in order to obtain immigration benefits under particular visa programs. *See, e.g., Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540 (5th Cir. 2016) (discussing issue in context of immigration benefits under the U-visa program); *see also Samuel*, 2014 WL 12597395 at * 4 (discussing issue in context of T and U visas and explaining that T visas are "available to unauthorized immigrants who have been victims of human trafficking"). Defendant Schumacher makes no similar argument here.

> Defendants. And, Defendants cite no authority supporting their argument that such information would be relevant to Plaintiff's claims.

*SOL Mexican Grill*, 2019 WL 2896933 at *5. Here, too, Defendant Schumacher cites no authority to support his position.

Defendant Schumacher further argues the information speaks to the typicality and predominance requirements of class certification. He argues Defendants want to speak with Plaintiffs' subsequent employers to inquire whether Plaintiffs have made statements or admissions about their prior employment. However, as the Court has previously stated, *see* Order [Doc. No. 42], under the TVPA, a "reasonable person" standard applies in determining whether a particular harm or threat of harm is sufficiently serious to compel an individual to continue to perform labor or services. *Id*. at 26. Thus, whether any plaintiff individually felt compelled to continue in his or her employment due to the defendant's conduct is not dispositive. Moreover, the Court agrees with Plaintiffs that as currently framed, Defendant Schumacher's request appears more like an impermissible fishing expedition than a request for information calculated to lead to the discovery of admissible evidence as whether any of the information sought actually exists is speculative at best.

Accordingly, the Court concludes "inquiry into [Plaintiffs' subsequent employment] could be used to harass and discriminate victims of [adverse employment conditions]" and warrants entry of a protective order. *SOL Mexican Grill*, 2019 WL 2896933 at *4. As one Court has found, addressing a similar issue: "[t]he very purpose for which defendants seek . . . information [about plaintiffs' current residences and places of employment], *to wit*, to enable them to discuss plaintiffs' allegations of illegal treatment

6

by their former landlords/employers with plaintiffs' current landlords and/or employers, is inherently intimidating."  *Centeno-Bernuy v. Becker Farms*, 219 F.R.D. 59, 61-62 (W.D. N.Y. 2003).

Finally, Defendants argue the information sought in Interrogatory No. 2 bears on the breach of contract claim and Plaintiffs' duty to mitigate their damages.  Again, for purposes of the class-certification phase, this information is attenuated to the relevant issues before the Court.  As the Court previously found, "[t]he fact that damages may have to be ascertained on an individual basis is not, standing alone, sufficient to defeat class certification."  *Id*. at 26.  Moreover, Plaintiffs have agreed to provide information about earned wages at the appropriate time as relevant to any mitigation defense raised by Defendants.  *See* Pls.' Mem. at 25, n. 5.

### III. Conclusion

The Court finds any relevance (which, as discussed in attenuated at best for purposes of this stage of the proceedings) is outweighed by the in terrorem effect accompanying disclosure of information about Plaintiffs' subsequent employment and the potential disclosure of Plaintiffs' immigration status.  The Court further finds the existing protective order, is insufficient to address the scope of the protection to which Plaintiffs are entitled.

IT IS THEREFORE ORDERED that Defendant Walter Schumacher's Motion to Compel [Doc. No. 56] is DENIED and Plaintiffs' Cross-Motion for Protective Order [Doc. Nos. 60, 63] is GRANTED.

IT IS FURTHER ORDERED that the hearing on this matter scheduled for Thursday, February 6, 2020 is STRICKEN.

IT IS SO ORDERED this 4th day of February, 2020.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

8