# EXHIBIT 1

```
 1                    GREG H. BRISTOL

 2             UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF OKLAHOMA
 3      ------------------------------------------X
        MADELYN CASILAO, HARRY LINCUNA and ALLAN GARCIA,
 4      on behalf of themselves and all others similarly
        situated,
 5                                          Case No.
                          Plaintiffs,  5:17-CV-00800-SLP
 6              v.

 7      (1) HOTELMACHER, LLC, dba HOLIDAY INN EXPRESS;
        (2) STEAKMACHER, LLC, dba MONTANA MIKE'S
 8      STEAKHOUSE; (3) SCHUMACHER INVESTMENTS, LLC,
        dba WATER ZOO; (4) APEX USA, INC.; (5) WALTER
 9      SCHUMACHER; and (6) CAROLYN SCHUMACHER,

10                        Defendants.
        ------------------------------------------X
11      DORRET FRANCIS, ANTHONY KENNEDY and CHRISTINE
        PEARCE, on behalf of themselves and all others
12      similarly situated,

13                                          Case No.
                          Plaintiffs,  CIV-18-583-SLP
14              v.

15      APEX USA, INC.; HOTELMACHER, LLC, dba HOLIDAY INN
        EXPRESS; SONTAG, INC. dba HAMPTON INN CLINTON;
16      STEAKMACHER, LLC, dba MONTANA MIKE'S STEAKHOUSE;
        SCHUMACHER INVESTMENTS, LLC, dba WATER ZOO INDOOR
17      WATER PARK; WALTER SCHUMACHER and CAROLYN
        SCHUMACHER,
18
                          Defendants.
19      ------------------------------------------X

20      VIDEOTAPED DEPOSITION VIA ZOOM VIDEOCONFERENCING

21                            OF

22                     GREG H. BRISTOL

23            Friday, August 21, 2020

24      Reported By:
        LINDA J. GREENSTEIN
25      JOB NO. 315886
```

1        GREG H. BRISTOL

2          August 21, 2020
           13:03 UTC Time
3

4

5

6

7        Videotaped Deposition held via Zoom

8   Videoconferencing of Greg H. Bristol, taken by

9   Plaintiffs, before Linda J. Greenstein, a

10  Certified Shorthand Reporter and Notary Public of

11  the State of New York.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    GREG H. BRISTOL

2     trafficking, but since it's not severe, the

3     prosecutors won't prosecute it.

4          Q.    Okay.  So you were focused on the

5     severe form that a prosecutor would decide to

6     prosecute?

7          A.    Yes.  As defined by the TVPA, which

8     has a section for the civil remedies.

9          Q.    Do you know whether the definition of

10    human trafficking in the severe form that a

11    prosecutor would decide to prosecute is the same

12    as the definition in the section for civil

13    remedies?

14         A.    I don't know.

15         Q.    Are you aware that the Department of

16    Labor investigated two of the defendants in this

17    action?

18         A.    I am aware of it.  I have not read

19    their ruling.

20         Q.    Okay.  How did you become aware of

21    it?

22         A.    Before I signed an agreement with the

23    firm, I did Google searches of the name and saw

24    some newspaper stories and it mentioned Department

25    of Labor.

1                    GREG H. BRISTOL

2         Q.    Did you receive any documents or

3    review any documents from the DOL investigation in

4    forming your opinion?

5         A.    No, I did not.

6         Q.    Did you ask for any documents related

7    to the investigation from the defendants' counsel?

8         A.    No, I did not.

9         Q.    Do you think that the documents that

10   Mr. deBaca considered in coming to his opinions

11   would be relevant to your own opinion about

12   whether or not his conclusions were accurate?

13        A.    As a new person in the world of

14   expert witness testimony, he either asked for it

15   or it was given to him and it wasn't given to him

16   and I had a very short deadline of what I was

17   doing and I had enough information to make a -- an

18   accurate explanation, so I -- I didn't need it.

19              It would have been additional, but it

20   wouldn't -- I don't think it could change -- I

21   know what the -- well, I think I know what the

22   report would say.

23        Q.    What do you think the report would

24   say?

25        A.    Well, I've done wage and hour -- I

```
 1                    GREG H. BRISTOL

 2     A P P E A R A N C E S:
       (All parties appear via Zoom Videoconferencing)
 3


 4     SKADDEN, ARPS, SLATE, MEAGHER & FLOM, L.L.P.
       Attorneys for Plaintiffs
 5               500 Boylston Street
                 Boston, Massachusetts 02116
 6
       BY:       CATHERINE FISHER, ESQ.
 7               617.573.4867
                 catherine.fisher@skadden.com
 8


 9
       FELLER SNIDER
10     Counsel for Defendants
                 BancFirst Tower
11               100 N. Broadway Avenue
                 Suite 1700
12               Oklahoma City, Oklahoma 73102

13     BY:       C. ERIC SHEPHARD, ESQ.
                 405.232.0621
14               eshephard@fellersnider.com


15


16     DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.
       Counsel for Philadelphia Indemnity Insurance
17     Company
                 210 Park Avenue
18               Suite 1200
                 Oklahoma City, Oklahoma 73102-5600
19
       BY:       WILLIAM C. MCALISTER, ESQ.
20               405.898.8658
                 wmcalister@dsda.com
21


22     Also Present:

23     SKADDEN, ARPS, SLATE, MEAGHER & FLOM, L.L.P.
       Elizabeth J. Perkins, Esq.
24
       Dan Macom, Legal Video Specialist
25     U.S. Legal Support
```

1                    GREG H. BRISTOL

2    front of them is not worthy of someone being

3    convicted of a registered sex offender.

4                It's like, this stuff is very

5    important, charging these people with these

6    crimes.  So people are innocent unless you prove

7    otherwise.

8                I want to see what these 1 or $2,000

9    in recruiting fees are and nobody will tell me.

10       Q.    When you say nobody will tell you,

11   did you ask defendants' counsel to provide you

12   information about them?

13       A.    I -- with the role of an expert

14   witness looking at documents and being told "focus

15   on the expert witness report, whether it's true or

16   not, and let us know if these are individual cases

17   or can we paint with a broad brush," which was my

18   wording, is this just one big case in a thing and

19   that's my focus.

20                Again, on July 4th was -- the

21   deadline was in, like, nine or ten days.  I mean,

22   I had to drop things to do full days until they

23   got an extension, which was July 24th, so I was

24   working nine, ten-hour days every day and taking

25   me a long time to understand in figuring this out.

1              GREG H. BRISTOL

2       Q.    And so you say that there was no

3  evidence -- or you think that there's no evidence

4  to support calling -- making accusations of human

5  trafficking, but you're aware that you didn't

6  review all the documents in this case; correct?

7       A.    I reviewed all the documents that

8  were given to me.

9       Q.    Are you aware that there's other

10 documents out there that you didn't review?

11      A.    I -- I would leave that to you.  I

12 don't know.  I obviously know there are, but no

13 one's told me "that's the master list."

14      Q.    Did you look at the list of documents

15 that Mr. deBaca reported that he had reviewed?

16      A.    Well, you mentioned the Department of

17 Labor report.

18      Q.    And did you review that document?

19      A.    No, I did not.

20      Q.    Did you ask to see that document?

21      A.    No, I didn't need to.

22      Q.    So you could determine that there was

23 no evidence without reviewing all of the

24 documents?

25      A.    I'm telling you from what I've